1  Craig M. Nicholas (SBN 178444)
   Alex Tomasevic (SBN 245598)
2  **NICHOLAS & TOMASEVIC, LLP**
   225 Broadway, 19th Floor
3  San Diego, California 92101
   Tel: (619) 325-0492
4  Fax: (619) 325-0496
   Email: cnicholas@nicholaslaw.org
5  Email: atomasevic@nicholaslaw.org

6  Manuel S. Hiraldo  (*Pro Hac Vice to be Submitted*)
   **HIRALDO P.A.**
7  401 E. Las Olas Boulevard, Suite 1400
   Ft. Lauderdale, Florida 33301
8  Tel: (954) 400-4713
   Email: mhiraldo@hiraldolaw.com
9
   Ignacio P. Hiraldo (*Pro Hac Vice to be Submitted*)
10 **IJH LAW**
   1200 Brickwell Avenue, Suie 1950
11 Miami, Florida 33131
   Tel: (786) 496-4469
12 Email: ijhiraldo@ijhlaw.com

13 Michael Eisenband (*Pro Hac Vice to be Submitted*)
   **EISENBAND LAW P.A.**
14 515 E. Las Olas Blvd., Suite 120
   Ft. Lauderdale, Florida, 33301
15 Tel: (954) 533-4092
   Email: meisenband@eisenbandlaw.com

16

17 Attorneys for Plaintiff

18                     **UNITED STATES DISTRICT COURT**

19                     **CENTRAL DISTRICT OF CALIFORNIA**

20 DANIEL GERSTENHABER,                    Case No.
   individually and on behalf of all
21 others similarly situated,              **CLASS ACTION COMPLAINT**

22        Plaintiff,                       **JURY TRIAL DEMANDED**

23 vs.

24 CLIENT RESOURCE GROUP, INC.,

25        Defendant.

26

27

28

---

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff Daniel Gerstenhaber brings this class action against Defendant Client Resource Group, Inc. ("Defendant") and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.    Defendant offers student loan debt consolidation to its customers.[1]

3.    Defendant operates under various names including Everest Financial Solutions and Student Loan Direct.[2]

4.    Defendant markets itself as having "helped thousands of Americans that are struggling under the crushing weight of trillions of dollars' or student debt"[3]

5.    As part of its marketing strategy, Defendant utilizes prerecorded messages to place calls to unsuspecting consumers on their cellular telephones for the purpose of selling its goods and services.

6.    Defendant caused thousands of prerecorded message calls to be placed to the cellular telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

---

[1] http://everestfinancialsolutions.com/student-debt-consolidation

[2] *See* www.everestfinancialsolutions.com; www.studentloandirect1.com; *see also* https://www.bbb.org/us/ca/santa-ana/profile/legal-document-help/student-loan-direct-1126-172018790

[3] http://everestfinancialsolutions.com/about-us/

7.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendants.

## JURISDICTION AND VENUE

8.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant.  Plaintiff seeks up to $1,500.00 in damages for each call that is in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

9.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

## PARTIES

10.     Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Broward County, Florida.

11.     Defendant is a California corporation with its principal office located at 3000 W. Macarthur Blvd. #440, Santa Ana, California, 92701.   Defendant

directs, markets, and provides business activities nationally and throughout the State of California.[4]

## THE TCPA

12.    The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13.    The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

14.    The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

15.    In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A*., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

16.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

---

[4] www.studentloandirect1.com/who-we-are/ ("Located in Southern California, we have helped Americans across the country in thousands of different financial situations address their student loan burden.")

CLASS ACTION COMPLAINT

17.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

18.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

19.     As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'"  *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

20.     On or about May 14, 2019, Defendant called Plaintiff's cellular telephone number ending in 5925 ("5925 Number") with a prerecorded message.

21.     Defendant's use of prerecorded messages to harass consumers is supported by the volume of complaints found on the internet:





22.    The prerecorded message that Plaintiff received stated the following:

Hello this is Jonathan and I'm calling to inform you that your student loans have been flagged for our forgiveness program. That's right. If you owe more than 10,000 dollars in student loans and you're not currently enrolled in school, you may be eligible for a reduced monthly payment and a large portion of your balance can be forgiven. To redeem your spot in the program its very important that you call me quickly. You can reach me or one of my collogues at 888 491 5097 again that number is 888 491 5097.



23.     Upon information and belief, the same prerecorded message Plaintiff received is available on https://www.everycaller.com/phone-number/1-888-491-5097 and was uploaded by someone other than Plaintiff:

24.     The Department of Education has warned borrowers about companies that, like Defendant, use "phone calls, emails, letters, and/or texts offering [borrowers] relief from their federal student loans or warning [borrowers] that student loan forgiveness programs would end soon.[5]

25.     The Department of Education explains that,

> Student loan debt relief companies are private companies that provide (or claim to provide) student loan management services for a fee. Often these companies are charging for services you can easily manage yourself. They will say they can help reduce your monthly payment or get your loans forgiven, but after you pay, you might be worse off.[6]

26.     The Department of Education explains that these companies use claims such as:

> o "Your student loans may qualify for complete discharge. Enrollments are first come, first served."[7]

---

[5]    Department of Education, "Avoiding Loan Scams," available at https://studentaid.ed.gov/sa/repay-loans/avoiding-loan-scams (last visited September 26, 2019).

[6] *Id.*

[7] *Id.*

○ "Student alerts: Your student loan is flagged for forgiveness pending verification. Call now!"[8]

27.    Despite these promises, the Department of Education explains that "there's nothing a student loan debt relief company can do for you that you can't do yourself for free. At no cost, [the Department of Education] and our federal loan servicers can help you … lower or cap your monthly federal student loan payment … [and] determine if you are eligible for loan forgiveness[.]"[9]

28.    The Department of Education explains that "some signs to help you identify a scam" include if the company "promise[s] immediate and total loan forgiveness or cancellation" or the company "claim[s] that their offer is limited and encourage you to act immediately[.]"[10]

29.    When Plaintiff listened to the message left for him by Defendant, Plaintiff was able to determine that the voicemail was a prerecorded message. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

30.    Plaintiff is the subscriber and/or sole user of the 5925 Number.

31.    The purpose of Defendant's call to Plaintiff was to market Defendants goods and services.

32.    Specifically, the prerecorded message attempts to solicit Plaintiff to become a client of Defendant's student loan services for which Defendant would then make a profit.

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

33.    The prerecorded call Plaintiff received originated from 305-851-8377 a number which is owned and/or operated by or on behalf of Defendant.

34.    Defendant initiated the subject calls from this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

35.    Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district and nationally.

36.    At no point in time did Plaintiff provide Defendant with express written consent to be contacted by Defendant with a prerecorded message.

37.    Defendant's unsolicited prerecorded message caused Plaintiff actual harm. Defendant's prerecorded call substantially aggravated Plaintiff.

38.    Plaintiff estimates that he spent at least thirty-five seconds listening to Defendant's prerecorded message.

39.    Plaintiff is so aggravated by unwanted phone communications like the one Defendant sent him that he registered the 5925 Number on the National Do Not Call Registry on May 19, 2011 and the 5925 Number continues to be registered.

40.    Next, Plaintiff spent at least fifteen minutes discussing this prerecorded message with and retaining counsel for this case in order to stop Defendant's unwanted calls.

41.    In all, Defendant's violations of the TCPA caused Plaintiff to spend at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations. This time was spent while Plaintiff could have been pursuing other personal activities or spending time with his family or working.

## **CLASS ALLEGATIONS**

### **PROPOSED CLASS**

42.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

43.    Plaintiff brings this case on behalf of the below defined Class:

**Prerecorded Message Class: All persons within the United States who, within the four years prior to the filing of this Complaint; were sent a prerecorded call; from Defendant or anyone on Defendant's behalf; to said person's cellular telephone number; promoting Defendant's good and/or services.**

44.    Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

45.    Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

46.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

### COMMON QUESTIONS OF LAW AND FACT

47.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1)    Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using a prerecorded message;

(2)    Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;

(3)    Whether Defendant's conduct was knowing and willful;

CLASS ACTION COMPLAINT

(4)    Whether Defendant is liable for damages, and the amount of such damages; and

(5)    Whether Defendant should be enjoined from such conduct in the future.

48.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

49.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

50.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

51.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could

1  afford individual litigation, the court system would be unduly burdened by
2  individual litigation of such cases.

3      52.    The prosecution of separate actions by members of the Class would
4  create a risk of establishing inconsistent rulings and/or incompatible standards of
5  conduct for Defendant.  For example, one court might enjoin Defendant from
6  performing the challenged acts, whereas another may not.  Additionally, individual
7  actions may be dispositive of the interests of the Class, although certain class
8  members are not parties to such actions.

9  **COUNT I**
10  **Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

11      53.    Plaintiff repeats and realleges the paragraphs 1 through 52 of this
12  Complaint and incorporates them by reference herein.

13      54.    It is a violation of the TCPA to make "any call (other than a call made
14  for emergency purposes or made with the prior express consent of the called party)
15  using any automatic telephone dialing system or prerecorded or artificial voice…
16  to any telephone number assigned to a … cellular telephone service …." 47 U.S.C.
17  § 227(b)(1)(A)(iii).

18      55.    Defendant – or third parties directed by Defendant – used prerecorded
19  messages to make non-emergency telephone calls to the cellular telephones of
20  Plaintiff and other members of the Class.

21      56.    These calls were made without regard to whether Defendant had first
22  obtained express permission from the called party to make such calls. In fact,
23  Defendant did not have prior express consent to call the cell phones of Plaintiff and
24  the other members of the putative Class when its calls were made.

25      57.    Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using pre-
26  recorded messages to make non-emergency telephone calls to the cell phones of
27  Plaintiff and the other members of the putative Class without their prior express
28  consent.

58.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff Daniel Gerstenhaber, on behalf of himself and the other members of the Class, prays for the following relief:

a.    A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.    A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.    An injunction prohibiting Defendant from using an automatic telephone dialing system and/or prerecorded messages to call telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d.    An award of actual, statutory damages, and/or trebled statutory damages; and

e.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

[*Signature of counsel appears on the following page.*]

Respectfully submitted:

DATED:   October 21, 2019                    **NICHOLAS & TOMASEVIC, LLP**

By:    _/s/ Craig M. Nicholas_
                                             Craig M. Nicholas (SBN 178444)
                                             Alex Tomasevic (SBN 2445598)
                                             225 Broadway, Floor 19
                                             San Diego, California 92101
                                             Telephone: (619) 325-0492
                                             Facsimile: (619) 325-0496
                                             Email: cnicholas@nicholaslaw.org
                                             Email: atomasevic@nicholaslaw.org

                                             Manuel S. Hiraldo
                                             (*Pro Hac Vice to be Submitted*)_
                                             **Hiraldo P.A.**
                                             401 E. Las Olas Boulevard, Ste. 1400
                                             Ft. Lauderdale, Florida 33301
                                             Tel: (954) 400-4713
                                             Email: mhiraldo@hiraldolaw.com

                                             Ignacio P. Hiraldo
                                             (*Pro Hac Vice to be Submitted*)_
                                             **IJH Law**
                                             1200 Brickwell Avenue, Ste. 1950
                                             Miami, Florida 33131
                                             Tel: (786) 496-4469
                                             Email: ijhiraldo@ijhlaw.com

                                             Michael Eisenband
                                             (*Pro Hac Vice to be Submitted*)_
                                             **EISENBAND LAW P.A.**
                                             515 E. Las Olas Blvd., Ste. 120
                                             Ft. Lauderdale, Florida, 33301
                                             Tel: (954) 533-4092
                                             Email: meisenband@eisenbandlaw.com

                                             Attorneys for Plaintiff