David J. Kaminski, Esq. (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins, Esq. (SBN 205175)
watkinss@cmtlaw.com
**CARLSON & MESSER, LLP**
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendant,
CLIENT RESOURCE GROUP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GERSTENHABER, individually and on behalf of all others similarly situated, | Case No. 8:19-cv-02004-JLS-ADS |
| Plaintiff, | **STIPULATION TO DISMISS** |
| vs. | District Judge: Josephine L. Staton |
| CLIENT RESOURCE GROUP, INC. | |
| Defendant. | |

1.      Plaintiff Daniel Gerstenhaber and Defendant Client Resource Group, by and through their undersigned counsel, submit this Stipulation of Dismissal.

2.      This stipulation is pursuant to the parties' Settlement Agreement and General Release ("Settlement Agreement") dated as of September 16, 2019.  If the Court requires review of the Settlement Agreement in order to dismiss this matter, the parties' request permission to file the Settlement Agreement under seal, as it is confidential.

3.      The parties hereby stipulate and agree as follows:

Plaintiff filed his class action complaint on October 21, 2019, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

("TCPA").  The proposed class has not been certified. The parties resolved this putative class action on individual basis under the terms and conditions set forth in the Settlement Agreement.

4.      "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals"). The purpose of analyzing these so-called Diaz factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

5.       As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action.  Media attention regarding the action has been sparse.  An online search reveals only online mentions on www.law360.com, www.docketbird.com and www.courtlistener.com.

6.      Plaintiff is not aware of any other media attention and has not received any inquiries from others regarding the action.  The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in

any way. *See Wallace v. Universal Fid. LP*, No. C13-0437JLR, 2013 WL 5487001, at *1 (W.D. Wash. Sep. 28, 2013) (crediting the "very early stage" of the settlement in finding that the first Diaz factor was met); *Houston v. Cintas Corp.*, No. C 05-3145 JSW, 2009 WL 921627, at *2 (N.D. Cal. April 3, 2009) (approving settlement and dismissal without notice; "although there has been some publicity regarding this case and articles in which some of the Plaintiffs were mentioned by name, it has been minimal."). Relatedly, neither this Court nor any party or counsel has issued any notice to members of the proposed class. *Wallace*, 2013 WL 5487001, at *1 (further crediting "absence of previous notice to class members").

7.     As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual claims based on the same facts and circumstances. *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1804, 201 L. Ed. 2d 123 (2018).  Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed its class action complaint.  Further, the TCPA has a four-year statute of limitations.  Plaintiff filed her Complaint on October 21, 2019, only five months after the May 2019 calls at issue.  Thus, consumers have ample time to bring class claims if they choose. *See Tombline*, 2014 WL 5140048 at *3 (finding second *Diaz* factor satisfied where "parties state that a bar is not about to fall under an imminent limitations period").

8.     As to the third *Diaz* factor, the Settlement Agreement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class.  The settlement is structured as an individual resolution of plaintiff's claims.  Plaintiff ultimately did not seek to serve as a class representative, nor was it certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims.  The terms and conditions of the Settlement did not release claims of unnamed putative class members nor

prejudice their rights. *See, e.g.*, Settlement Agreement ¶ 3. Under these circumstances, unnamed class members are not prejudiced. *Gonzalez v. Fallanghina, LLC*, No. 16-cv-01832-MEJ, 2017 WL 1374582, at *6 (N.D. Cal. Apr. 17, 2017) (citation omitted).

9.      Defendant asserts that individual determination of whether Defendant's documentation of consent and/or arbitration for class members would predominate and preclude class certification.

10.      Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement Agreement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

11.      WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing plaintiff's class claims without prejudice.

IT IS SO STIPULATED.

RESPECTFULLY SUBMITTED AND DATED this 19th day of November, 2020.

Respectfully submitted:

DATED:   November 19, 2020        **NICHOLAS & TOMASEVIC, LLP**

By:     /s/   Craig M. Nicholas
Craig M. Nicholas
Alex Tomasevic
225 Broadway, Floor 19
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

Manuel S. Hiraldo
(*Pro Hac Vice*)_

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hiraldo P.A.**
401 E. Las Olas Boulevard, Ste. 1400
Ft. Lauderdale, Florida 33301
Tel: (954) 400-4713
Email: mhiraldo@hiraldolaw.com

Ignacio P. Hiraldo
(*Pro Hac Vice*)_
**IJH Law**
1200 Brickwell Avenue, Ste. 1950
Miami, Florida 33131
Tel: (786) 496-4469
Email: ijhiraldo@ijhlaw.com

Michael Eisenband
(*Pro Hac Vice*)_
**EISENBAND LAW P.A.**
515 E. Las Olas Blvd., Ste. 120
Ft. Lauderdale, Florida, 33301
Tel: (954) 533-4092
meisenband@eisenbandlaw.com

Attorneys for Plaintiff

November 19, 2020                    /s/  David J. Kaminski
                                     David J. Kaminski
                                     Stephen A. Watkins
                                     **CARLSON & MESSER LLP**
                                     5901 W. Century Blvd. #1200
                                     Los Angeles, CA 90045
                                     (310) 242-2200
                                     kaminskid@cmtlaw.com
                                     watkinss@cmtlaw.com

**ATTESTATION AND CERTIFICATE OF SERVICE**

I, David J. Kaminski, am the ECF user whose identification and password are being used to file the Joint Stipulation to Dismiss.  I hereby attest that all counsel whose electronic signatures in the Stipulation provided their authority and concurrence to file that document.

Dated: November 19, 2020         **CARLSON & MESSER LLP**

By: /s/ David J. Kaminski
        David J. Kaminski
        Stephen A. Watkins
        Attorneys for Defendant
        CLIENT RESOURCE GROUP, INC.